IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHON HINOTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 17-00188-KD-MU |
| | ) |
| IVAN LOPEZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action came before the Court for a Final Pretrial Conference on September 6, 2018. Present at the conference was Joe Carl Jordan (counsel for Defendant Ivan Lopez). Plaintiff Jonathon Hinote (Hinote) failed to appear. Upon consideration, and for the reasons set forth herein, it is **ORDERED** that this action is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff Hinote's failure to comply with the Court's orders and failure to prosecute this action.

Hinote sued Lopez after they were involved in a gesturing and verbal confrontation resulting from a traffic incident. Hinote was represented by counsel at the time his complaint was filed. However, on April 5, 2018, Hinote's counsel, citing a breakdown of the attorney-client relationship, moved to withdraw (doc. 34). The motion was set for hearing and Hinote was ordered to appear (doc. 35). As directed by the court, the Clerk contacted Hinote by telephone and served a copy of the order setting the hearing on Hinote by e-mail and mail to his last known address. However, the order sent by mail was returned marked "Return to Sender Not Deliverable as Addressed Unable to Forward" (doc. 36)

Hinote appeared at the motion hearing as ordered (doc. 35). Counsel explained that she had not been able to maintain contact with Hinote and that he missed a deposition. Hinote responded with the reasons why he failed to attend the deposition. Hinote also provided his present

mailing address (the same address to which the order setting the hearing had been mailed), his e-mail address, and his cell phone number.

On April 25, 2018, the Magistrate Judge granted Counsel's motion to withdraw (doc. 40). In the order, the Magistrate Judge informed Hinote that "he is responsible for ensuring that all other deadlines in this case are met" (*Id.*) The Magistrate Judge then set out the forthcoming deadlines for challenges to expert witnesses, supplementation of disclosures and responses, pretrial disclosures, the final pretrial conference, jury selection, and trial. (*Id.*)  As directed by the court, the Clerk served a copy of the order on Hinote by e-mail and mailed a copy to his last known address.  However, on May 1, 2018, the order sent by mail was returned marked "Return to Sender Not Deliverable as Addressed Unable to Forward" (doc. 41).

The docket indicates that there was no activity in the case from May 1, 2018 until July 25, 2018, when the undersigned entered an order to remind the parties of the forthcoming deadlines (doc. 42).  Specifically, the pretrial disclosures were due August 16, 2018, challenges to expert witnesses were due August 23, 2018, the joint pretrial document was due August 30, 2018, the final pretrial conference was scheduled for September 6, 2018, jury selection was scheduled for October 2, 2018, and trial to be held in October 2018.

Also, in the order, Hinote was informed as follows:

> **If Plaintiff no longer wishes to pursue this action**, he may file a written request for dismissal for consideration by the Court. See Fed. R. Civ. P. 41(a)(2) (The Rule provides for voluntary dismissal of an action "at the plaintiff's request only by court order, on terms that the court considers proper.")
>
> **If Plaintiff wishes to continue to pursue this action**, he is warned that failure to comply with the requirements set forth in this Order and the Court's prior Scheduling Orders will result in dismissal of this action for failure to prosecute. See S.D. Ala. L.R. 41(c) (Dismissal for Lack of Diligence. Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law.).

(Doc. 42) (emphasis in original).

As ordered, the Clerk served Hinote with a copy of the order at his e-mail address and confirmed to the Court that the e-mailed order was not returned. Since mail had at least twice been returned as undeliverable, Hinote was ordered to provide the Court with his current, valid mailing address, unless he no longer wishes to pursue this action." (Doc. 42)

On August 14, 2018, Defendant Lopez filed a notice of pretrial disclosures (doc. 43). On August 30, 2018, Defendant Lopez filed a unilateral pretrial document (doc. 44). Lopez states that he attempted to contact Hinote, but the letter was returned and marked "return to Sender Not Deliverable as Addressed Unable to Forward" (doc. 44, p. 4). Lopez sent the letter to the same address that Hinote provided at the hearing on counsel's motion to withdraw. This is the same address to which the Court twice attempted to serve Hinote with copies of orders, but the mail was returned as undeliverable. Lopez also sent an e-mail to Hinote, but he did not respond (doc. 44, p. 5). Hinote did not provide Defendant Lopez with pretrial disclosures and did not participate in the pretrial document.

Pursuant to S.D. Ala. Civ. L.R. 41(c), the Court may dismiss an action for lack of diligence. The Local Rule states that "[w]henever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law." In this circumstance, Fed. R. Civ. P. 41(b) applies. The Rule provides for involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"[1] Additionally, in relevant part, Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

---

[1] Although the Rule states that a defendant may move to dismiss, the "court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 Fed. Appx. 802, 802 (11th Cir. 2006).

3

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion. Dismissal with prejudice under Rule 41(b) is appropriate where there is: (1) a clear record of willful contempt; and (2) an implicit or explicit finding that lesser sanctions would not suffice. Simple negligence does not warrant dismissal." *Thomason v. Alabama Home Builders Licensure Bd.,* - - - Fed. Appx. - - - , 2018 WL 3341663, at *2 (11th Cir. Jul. 9, 2018) (citations omitted).

The Court gave Hinote notice that this action would be dismissed if he failed to comply with the Court's orders (*see* doc. 42).  Despite the notice and warning that failure to comply would result in dismissal of the action for failure to prosecute (doc. 42), to date – September 6, 2018 -- Hinote has not provided the Court with his current valid mailing address, has not provided Defendant with pretrial disclosures, has not participated in the pretrial document, and failed to attend the pretrial conference. Thus, there is a "clear record of willful contempt" such that no lesser sanction than dismissal would suffice. *Thomason,* 2018 WL 3341663, at *2.  Accordingly, this action is **DISMISSED**.

The Clerk of the Court is **DIRECTED** to serve Plaintiff with this Order at jonathonhinote@gmail.com.

**DONE** and **ORDERED** this the **6th** day of **September 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**